THE OVERSEERS OF THE POOR OF THE TOWNSHIP OF BETHLEHEM, IN THE COUNTY OF HUNTERDON, v. THE OVERSEERS, &c., OF ALEXANDRIA, IN THE COUNTY OF HUNTERDON.

The settlement of a pauper is in its nature local.    The place of his birth, or apprenticeship, or of his freehold of a certain value, and on which he has resided for more than one year, fixes the settlement, and the township which includes that place is chargeable with his maintenance. It is not the name, but the place to which the liability attaches.

*Certiorari* to the Court of General Quarter Sessions of the county of Hunterdon.

In 1856, John Mutterman and his family became chargeable to the township of Bethlehem, and were duly removed, by the order of two justices, to the township of Alexandria, where he had formerly owned a freehold estate of the value of more than one hundred and thirty dollars, on which he had resided more than one year. In 1859, a part of Alexandria, including this freehold estate, was by law annexed to Bethlehem. At this time the pauper and family were living in Alexandria, but not on this property, nor in the portion annexed to Bethlehem, but in another portion, and were a charge upon that township. In 1860, the township of Alexandria removed them to Bethlehem, on the ground that the estate, in virtue of which the settlement had been gained by the pauper for himself and family, was no longer in Alexandria, but in Bethlehem, and that the latter township was bound for their support.

This order was, upon appeal to the Quarter Sessions, affirmed, and all the proceedings were removed into this court by *certiorari*.

The case was heard before Justices HAINES, DALRIMPLE, and WOODHULL, and was argued by *J. T. Bird*, for the plaintiffs in *certiorari; E. R. Bullock*, for the defendants.

The opinion of the court was pronounced by

HAINES, J. The writ of *certiorari* in this case brings up the order of removal of John Mutterman and his wife and children, paupers, from the township of Alexandria to the township of Bethlehem, in the county of Hunterdon, made by two justices of the peace, and affirmed by the Quarter Sessions.

By the testimony it appears that John Mutterman had been seized of a freehold estate of the value of more than one hundred and thirty dollars, in the township of Alex-

andria, and had dwelt upon it more than one year, and thereby by force of the statute, acquired a legal settlement.

In 1856, having become chargeable to the township of Bethlehem, he, with his family, was removed, by an order of two justices, to the township of Alexandria, in which was the place of his last legal settlement, and they were there received as paupers and maintained until April, 1860.

By the act of March 16th, 1859, a certain part of the township of Alexandria was annexed to Bethlehem, and made a part of that township. Within the territory thus transferred from Alexandria to Bethlehem, is the freehold estate of which the pauper had been seized, and whereon he had lived. But at the time of the passage of the act, he was living in another part of the township of Alexandria, and chargeable upon it, and he was thereupon, by the order complained of, removed to Bethlehem.

The question presented for our consideration is: what, in relation to the poor, is the effect of the change of the township lines?

The statute by which the change was made, has no provision for the division of the poor, or for their support. They are left subject to the rules of the common law, and to such acts of the legislature as relate to them, and by those rules and acts the case must be determined.

Every township is entitled to certain benefits and advantages, and subject to certain duties and burthens, in common with other townships. It has the benefit of all the territory, with its improvements and the property thereon, for the purposes of taxation. It has all the advantages to be derived from its population, for representation, for counsel in the management of its affairs, and for its influence in the county and the state. But it is also charged with duties and burthens, among which are the repairing of its roads, the maintenance of its police, and the support of its poor. Whether the township is created in whole or in part from another township, the benefits and burthens extend to its entire territory. If it acquire more territory, it takes the

addition with all its advantages, but subject to all its duties. The settlement of a pauper is, in its nature, local. The place of his birth, of his apprenticeship, or where his freehold estate is, fixes the settlement, and by reason of it, the township which includes that place is chargeable with his maintenance. It is not the name, but the place, to which the liability attaches.

Had the paupers become chargeable upon some other township, upon Franklin for example, and the justices there had made an order of removal, would they have sent them to Alexandria or to Bethlehem? Their inquiries would have been for the place of his last legal settlement. Having proof of where Mutterman had dwelt more than one year on his free-hold estate of greater value than one hundred and thirty dollars, they would have removed him to the township including that place at the time of the order; that township is Bethlehem, and it bears the same relation to Alexandria that it does to Franklin, or to any other township.

We have been referred to many cases decided in other states; but they shed very little light upon the subject, as they chiefly, if not all of them, are under their own peculiar statutes, differing from ours. In our own state, the case of Stillwater and Green, 4 *Halst.* 59, is very much to the point. In the division of the county of Sussex, and creation of the county of Warren, the township of Hardwick was divided into three parts. One part, retaining the ancient name, was attached to the county of Warren. The other two parts were left to Sussex, and named, respectively, Stillwater and Green.

On a question of the settlement of a pauper, the court said: " From the principles adopted in relation to the sustenance of the poor, and from analogy to the well settled rules in settlement cases, it is clear that the pauper ought to be maintained by the new township, in which he resided when he became chargeable."

This case virtually determines that the place, and not the name of the township, fixes the liability.

It would have been unjust to charge the part which re-

mained of the township of Hardwick with all the paupers of the two new townships carved out of it; to have diminished its strength yet continue its burthens; but not more unjust than to charge Alexandria with the paupers who had once been sustained by it, and chargeable by reason of territory now dissevered from it.

I am entirely satisfied that the order of the justices was correct, and that the judgment of the court of Quarter Sessions should be affirmed with costs.

Justices DALRIMPLE and WOODHULL concurred.